IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| PAM BLAKE | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MACY'S INC. | : | |
| | : | |
| Defendant. | : | NO. 08-1040 |

**MEMORANDUM RE: PLAINTIFF'S MOTION TO REMAND
AND DEFENDANT'S MOTION TO DISMISS**

**Baylson, J.**

**I.     Introduction**

Plaintiff, Pam Blake ("Blake"), alleges that she was banned from doing business as an independent contractor of perfume services in the stores of Defendant, Macy's[1], causing her a significant loss of business. Plaintiff originally filed her Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania. Defendant removed the case to Federal Court on the basis of diversity jurisdiction. See Doc. No. 1. Presently at issue before the Court are Plaintiff's Motion to Remand (Doc. No. 8) and Defendant's Motion to Dismiss (Doc. No. 7).

**II.    Background**

According to the Complaint, Plaintiff was involved in a dispute with Macy's arising from an incident on October 10, 2004, involving Plaintiff's erroneous apprehension for the possession

---

[1] The named Defendant is Macy's, Inc. Defendant responds that Macy's, Inc., is a holding company and that its subsidiary, Macy's Retail Holdings, Inc. ("Macy's"), is the proper party to this suit. Plaintiff's briefs do not dispute this. This Memorandum will proceed in referring to Macy's as the Defendant.

-1-

of fragrance test bottles. Compl. ¶¶ 8, 11. While no criminal charges were filed related to this incident it did result in Plaintiff being banned from entering Macy's stores in her capacity as an independent contractor for a fragrance company. Compl. ¶¶ 9, 12-13. According to the Complaint, this ban resulted in a significant loss of business for Plaintiff and her repeated requests to have it lifted have not been successful. Compl. ¶¶ 7, 14, 21. Plaintiff contends that this ban was and continues to be wrongful and seeks approximately $100,000 in damages as well as an injunction requiring Macy's to allow Plaintiff to enter its stores for the purpose of doing business. Compl. ¶ 22.

Macy's removed this action on the basis of diversity jurisdiction. The Complaint alleges that Macy's is a New York corporation and that its business office is in New York but makes no specific claims as to its citizenship. Compl. ¶ 2. The Complaint further alleges that Plaintiff is a resident of Pennsylvania. Compl. ¶ 2.

### III.     Plaintiff's Motion to Remand

#### A.     Parties' Contentions

Plaintiff moves to remand[2] for two reasons. Plaintiff first argues that diversity does not exist because both parties are Pennsylvania citizens. With respect to Defendant's citizenship, Plaintiff contends that Pennsylvania, not Ohio, is Defendant's principal place of business. Plaintiff bases this contention on the number of stores that Macy's owns and operates in Pennsylvania, describing Macy's presence in the state as "massive," and on a comparison of that number to the number of stores that Macy's owns and operates in Ohio, finding these numbers to

---

[2] Plaintiff did not title the relevant pleading "Motion to Remand" but instead titled it "Defendant's Opposition to Removal." See Doc. No. 8. It will herein be treated as a Motion to Remand made pursuant to 28 U.S.C. § 1447.

be "practically identical". Doc. No. 8 at 2. Plaintiff additionally argues, despite a contrary assertion in the Complaint, that the minimum dollar amount for diversity jurisdiction is not met because the amount in question in this action is $45,000.

Defendant responds that diversity does exist in this case. Macy's agrees that Plaintiff is a resident of, and thus a citizen of, Pennsylvania but contends that it is incorporated in New York with its principal place of business in Ohio and is, for purposes of diversity of jurisdiction, a citizen of either of those two states. Defendant contends that Pennsylvania is not in fact Macy's principal place of business because, while it does operate stores in the state, its corporate headquarters is located in Cincinnati, Ohio. Defendant further responds that Macy's, Inc., although not properly a party to this suit, is also a diverse party because it is incorporated in Delaware and has its principal place of business in Ohio with additional principal offices in New York. With respect to the jurisdictional amount, Defendant argues that the Complaint is determinative, that the Complaint seeks "approximately $100,000" and an injunction, and that the amount in controversy requirement is therefore met.

**B.     Discussion**

Federal district courts have subject matter jurisdiction over cases where the matter in controversy exceeds the sum or value of $75,000, and there exists complete diversity between citizens of different states. 28 U.S.C. § 1332(a). "Lack of subject matter jurisdiction voids any decree entered in a federal court and the continuation of litigation in a federal court without jurisdiction would be futile." Steen Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987); Dunson v. McNeil-PPC, Inc., 346 F. Supp. 2d 735, 737 (E.D. Pa. 2004). Thus "[i]f the court determines that it lacks federal subject matter jurisdiction, then remand is

mandatory." Apoian v. Am. Home Prods., Corp., 108 F. Supp. 2d 454 (E.D. Pa. 2000).

### 1. Citizenship of Defendant Macy's

Plaintiff argues that there is no diversity of citizenship in this matter because both Plaintiff and Defendant are citizens of Pennsylvania. For purposes of diversity "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Third Circuit has held that a corporation's principal place of business is determined by its "headquarters of day-to-day corporate activity and management." Kelly v. U.S. Steel Corp., 284 F.2d 850, 854 (3d Cir. 1960). Kelly affirmed that even if a corporation "has literally dozens of important places of business one . . . must [be] pick[ed] out as the principal one because the statute says so." 284 F.2d at 853. That is, a corporation may only have one principal place of business. See also 13B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3624 (Thompson/West 2007) ("Section 1332(c) clearly requires that every corporation must have one—*but only one*—principal place of business.") (emphasis in original).

Plaintiff argues that "Macy's principal place of business can be considered Pennsylvania" due to its "massive presence," consisting of a large number of stores, in the state. Doc. No. 8 at 2. This argument is based on a fundamental misstatement of the law. The Kelly standard is primarily concerned with the location of corporate decision making. 284 F.2d at 554. While a court may consider other factors, such as the location of other operations or of employees, such factors are considered to be "secondary". Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp., 461 F.2d 1140, 1143 (3d Cir. 1972); Kelly 284 F.2d at 554. Plaintiff offers no facts that suggest that any of Macy's corporate decision making is done in Pennsylvania.

Macy's, on the other hand, states that its world headquarters is located in Ohio and that it maintains other principal offices in New York. In diversity actions the "removing party bears the burden of proving the existence of federal subject matter jurisdiction." Apoian, 108 F. Supp. 2d at 455. Macy's claim that its principal place of business is located in Ohio is supported by the Affidavit Declaration of Tabitha Jenkins (Doc. No. 9-3) and is consistent with determinations made by other courts. Johnson v Macy's South, LLC., 2007 WL 1904126, *2 (N.D. Ga. Sept. 27, 2007). While there may be some ambiguity as to whether New York or Ohio is actually Defendant's principal place of business, it is not necessary to decide for purposes of this matter which of these it is, as diversity would exist in either case. Accordingly, diversity of citizenship exists between Plaintiff and Defendant.

**2.    Jurisdictional Amount**

Plaintiff also argues that the amount in controversy requirement is not met, asserting that the amount in controversy is actually $45,000. However, the complaint seeks "$100,000 in damages" and an order that would "allow Mrs. Blake to enter all of [Defendant's] premises in her capacity as independent contractor as well as personal consumer." Compl., WHEREFORE ¶¶. "The general federal rule has long been to decide what the amount in controversy is from the complaint itself . . . ." Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961); Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993). Therefore, $100,000 dollars, as well as the value of the injunction sought, is to be considered the amount in controversy. The requirement for diversity jurisdiction is thus satisfied. Accordingly, all of the requirements for diversity jurisdiction are met in this matter and Plaintiff's motion to remand will be denied.

### IV. Defendant's Motion to Dismiss

#### A. Parties' Contentions

Defendant moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss this action due to Plaintiff's failure to state a claim upon which relief can be granted. Defendant cannot and does not dispute any of the factual allegations made in the Complaint but argues that Plaintiff gives "no indication why [Defendant's] conduct gives rise to an actionable claim." Doc. No. 7-2 at 4. Defendant further argues that it was "well within [Macy's] rights to determine who is permitted to enter its premises as an independent contractor" and that Plaintiff does not allege that Macy's violated any duty owed to Plaintiff. Id.

Plaintiff responds[3] that no adequate reason has been given for banning Plaintiff from Defendant's premises and that "[e]quity would have it that Ms. Blake is permitted on the premises of Macy's. . . ." Doc. No. 10 at 4. Plaintiff also argues that "[t]he legality of the employment ban by Macy's" and "[t]he duty owed to an independent contractor" are both "material issue[s] of fact" that must be "determined by a trier of fact." Id.

#### B. Standard of Review

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as

---

[3]   Plaintiff's response to Defendant's Motion to Dismiss incorrectly identifies the motion as being for summary judgment and responds accordingly. Those arguments and citations germane only to motions for summary judgment will not be addressed here.

true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). Plaintiff's citations to Pennsylvania procedural rules and cases supporting similar, though not necessarily identical, procedural propositions are not relevant in this matter.

**C.     Discussion**

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to state a valid complaint, a plaintiff must make a "showing" that is more than just a blanket assertion that he or she is entitled to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "We caution that without some factual allegation in a complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also 'grounds' on which the claim rests." Id. (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 n. 3 (2007)).

In addition to these factual components a complaint must allege a basis on which plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). This is because a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That is, after construing the facts "in the light most favorable to the [plaintiffs, a court] must ascertain whether they state a claim on which relief could be granted." Papasan v. Allain, 478 U.S. 265, 283 (1986); see Fed. R. Civ. P. 12(b)(6).

The Complaint in this matter provides a factual context but no legal basis upon which

relief is, or may be, sought. Even if all of the factual allegations in Plaintiff's Complaint are taken as true, Plaintiff has still not provided any factual allegations in her Complaint or any legal arguments in her brief as to why Macy's alleged actions were wrongful. Absent a showing that it is legally prohibited from doing so, Defendant is free to determine who may do business on its premises. Plaintiff's argument that "equity would have it" that she is entitled to relief in this matter is not supported. While it is true that Plaintiff seeks equitable relief, this does not excuse her from her obligation to set forth a valid legal claim that would entitle her to that relief. Fed. R. Civ. P. 8(a)(2). Plaintiff has not provided any reason for her belief that Defendant's actions were unlawful.

Defendant's argument, that Plaintiff's failure to identify the nature of her claim has made it difficult to respond, is compelling. Both Twombly and Phillips make it clear that providing such notice to a defendant is one of the primary purposes of a complaint. Twombly, 127 S. Ct. at 1964-65; Phillips, 515 F.3d at 252. Defendant is correct that the lack of information in the Complaint means that it has not been given adequate notice of how to respond, what defenses to prepare, what affirmative defenses to notify the court of, or what investigations to conduct.

Plaintiff also contends that the duty owed to independent contractors, and subsequently the legality of Macy's ban on the Plaintiff, is an issue of fact that must be submitted to a jury. This contention is incorrect. "Whether a duty exists under a particular set of facts is a question of law." Campisi v. Acme Markets, Inc., 915 A.2d 117, 119 (Pa. Super. 2006); Kleinknecht v. Gettysburg College, 989 F.2d 1360, 1366 (3d Cir. 1993). Plaintiff makes no legal arguments

that a duty exists here.  Accordingly, Plaintiff has failed to state a claim on which relief could be granted in this matter.

**V.      Conclusion**

For the reasons stated above, the Plaintiff's Motion for Remand will be denied and Plaintiff's Complaint is Dismissed Without Prejudice, with leave to replead within fourteen (14) days.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAM BLAKE | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| MACY'S INC. | : | |
| Defendant. | : | NO. 2:08-cv-01040-MMB |

**ORDER**

AND NOW, this   12th   day of June, 2008, for the reasons set forth above, it is hereby ORDERED that:

1. Plaintiff's Motion to Remand (Doc. No. 8) is DENIED;

2. Defendant Macy's Motion to Dismiss (Doc. No. 7) is GRANTED WITHOUT PREJUDICE.  The Court will allow Plaintiff fourteen (14) days to file an Amended Complaint.

                                          BY THE COURT:

                                          s/Michael M. Baylson
                                          _____
                                          Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\08-1040 Blake v. Macy's\Black v. Macy's Memo Motion Remand Dismiss.wpd